## U. O. COLSON CO. *v.* GOFF, ETC.

[No. 95, October Term, 1953.]

*Decided February 12, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph H. Colvin* for appellant.

No brief and no appearance for appellee.

HAMMOND, J., delivered the opinion of the Court.

The issue to be passed on in this appeal is a very narrow one—may the Discovery Rules be used by a judgment creditor in lieu of supplementary proceedings to ascertain whether the judgment debtor has assets for the payment of the judgment? The court below, having originally directed the judgment debtor to answer interrogatories served upon him by the judgment creditor, reversed itself and ordered that the interrogatories not be allowed. The judgment creditor appeals on the ground that the court's action was not based on the exercise of discretion in the particular case, but on the flat holding that discovery never was available for use as a substitute for supplementary proceedings.

Under the General Rules of Practice and Procedure, depositions for discovery may be taken in accordance with Deposition Rule 1 and Deposition Rules 3 to 12, inclusive, and Discovery Rule 3. Discovery also may be undertaken by interrogatories, directed to a party to the proceedings under Discovery Rules 2 and 3. The

appellant makes these contentions. One is that nowhere in the Rules is there any prohibition of their use in the manner it desires. Next it says that in various places the rules speak of pending proceedings or permit action "at any time" during the proceedings and that a proceeding is not terminated, and so is pending, until the judgment is paid. On this premise, it argues that the Rules may be used for any appropriate purpose until the judgment is paid. The difficulty with the proposition is that the authorities differ in their holdings as to when a proceeding is terminated. In some jurisdictions, proceedings are considered at an end when the judgment is rendered; in others, when the time for appeal is passed, and in a third group, not until the judgment has been paid. We have been referred to no Maryland authority, nor do we find any, which indicates that the law of this State on the subject has been settled. This provides a foundation of sand for the argument that the framers of the Rules considered that the proceedings were to continue for the purpose of the rules until a judgment was satisfied.

There are several other persuasive indications that the Discovery Rules were not framed for use in place of supplementary proceedings. The notes of the Reporter to the Rules Committee, which bear on this aspect of the Rules, begin on page 2060 of the 1947 Cumulative Supplement of the Annotated Code of Maryland. He states that the Committee felt that the Maryland practice would be improved by effective means which would simplify proof of uncontested matters and inform each side of the facts relied on by the other for claim or defense. That discovery was to be used to prepare for trial, rather than after trial, is implicit in quotations from the authorities cited by the Reporter. On page 2065, for example, he quotes from the American Judicature Society in its draft *Rules of Civil Proceedure* as follows: "* * * ample discovery before trial, under proper regulation, accomplishes one of the most necessary ends of modern procedure: it not only eliminates

unessential issues from trials, thereby shortening trials considerably, but also requires parties to play the game with the cards on the table so that the possibility of fair settlement before trial is measurably increased." In speaking specifically of Discovery Rule 3, relating to the scope of examination and interrogatories, it is said: "Under this Rule, discovery by deposition or interrogatories is permitted to extend to the whole case. . . This extension in the permissible scope of discovery is essential to obtain the benefits of the procedure in eliminating undisputed matters, assisting preparation for trial, shortening trials and promoting settlements." Enough has been said to disclose clearly that the framers and adopters of the Rules contemplated only their use and effect in eliminating or facilitating the trial itself, and not after trial has been concluded.

The Maryland Rules of Practice and Procedure were based largely on the Federal Rules of Procedure. In the article in 6 Md. L. R. 4, entitled "The New Maryland Deposition and Discovery Procedure", it is said: "By adhering fairly closely to the wording of the Federal Rules wherever possible, the draftsmen of the Maryland provisions have preserved for practitioners in the state the benefits of the interpretations already placed on the Federal Rules by the cases construing them. At the same time they have taken the opportunity to avoid some of the defects which have been revealed in the practical operation of the Rules." The Federal Deposition and Discovery Rules are like the similar Maryland Rules in that they say nothing as to their use in execution on judgments. It is specifically provided, however, in Federal Rules of Civil Procedure—Rule 69 (a)—that: "In aid of the judgment or execution, the judgment creditor . . . may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by the practice of the state in which the district court is held." Obviously, it was thought necessary to expressly provide in one Federal Rule that discovery could be used in aid of execu-

tion on a judgment, and that it was not implicit in the other Federal Rules that this could be done. Since Maryland used the Federal Rules as a model, it is highly significant that the Maryland Rules contain no provision such as that we have quoted from Rule 69 (a) of the Federal Rules. Further, the provisions for supplementary proceedings, codified as Section 148 of Article 75 of the 1951 Code, were not included in the statutes and rules which were superseded by the new Rules. All of these considerations persuade us that the Deposition and Discovery Rules may not be used in Maryland in place of supplementary proceedings.

Section 148 of Article 75 requires a judgment creditor to wait sixty days after the entry of any judgment or decree which then remains unsatisfied, before proceeding as it permits. Its use entails costs which, in the case of a small judgment, may be, and often are, disproportionate to the relief sought to be accomplished. The use of interrogatories or depositions under the Discovery Rules may well be a very practical, expeditious and inexpensive legal tool for the Bar. We shall ask the Rules Committee to look into the matter and make a recommendation so that, if it is found desirable, a rule similar to Rule 69 (a) of the Federal Rules can be adopted.

*Order affirmed, with costs.*